UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL KORIN | |
| Plaintiff, | CIVIL ACTION NO. : |
| v. | 3:04CV1308 (SRU) |
| RAYMOND JAMES & ASSOCIATES, INC., JOHN RAFAL, ROMAINE MACOMB, INTERNATIONAL LONG SHOREMEN'S UNION CONNECTICUT LOCAL 1398 DAVID SHUDA | |
| Defendants. | OCTOBER 8, 2004 |

## RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

INTRODUCTION

The plaintiff, Michael Korin, on or about September 23, 2004 filed a Motion to Amend the Complaint in the above-captioned matter. While the Motion to Amend recognizes that the claims of the plaintiff are governed by the client agreement containing a mandatory arbitration clause, the Motion does not make clear that the plaintiff is withdrawing the Complaint with respect to the defendant Raymond James & Associates, Inc.. The Memorandum in Support of plaintiff's Motion to Amend Complaint, also dated September 23, 2004, however, sets forth on page 2 the following: "Because an arbitration agreement exists, plaintiff acknowledges under current law he must pursue his securities fraud claims through arbitration." (citation omitted). The plaintiff, in his Memorandum of Law, requests that "Pursuant to Federal Rule of Civil Procedure 21, he be permitted to amend his

complaint by dropping defendant Raymond James & Associates; Romaine Macomb and John Rafal as parties, and all claims pertaining to them."

## ARGUMENT

The plaintiff's Memorandum of Law cites Rule 21 as the basis for his Motion to Amend. Rule 21 provides that parties may be dropped on motion of any party. It seems likely that the plaintiff intends to proceed with arbitration as required by his account agreement with the defendant. Accordingly, the Motion to Amend should be treated as a voluntary dismissal and notice of dismissal under Rule 41a(1)(i). Since the defendants have not filed an answer, a voluntary dismissal under Rule 41a(1)(i) is appropriate.

For the foregoing reasons, the defendant does not object to the Motion to Amend and requests that the Court treat the Motion to Amend as a decision by the plaintiff to drop the defendant as a party in this case and as a dismissal under Rule 41a(1)(i). An appropriate docket entry evidencing the dismissal of this action should be entered on the docket at the time the Motion to Amend is granted.

THE DEFENDANT
RAYMOND JAMES & ASSOCIATES, INC.

By_____
William H. Champlin III, ct04209
Benjamin M. Buckley, ct25894
TYLER COOPER & ALCORN, LLP
CityPlace - 35th Floor
Hartford, CT 06103-3488
Telephone: (860) 725-6200
Fax: (860) 278-3802
champlin@tylercooper.com
bbuckley@tylercooper.com

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was mailed, postage prepaid to the following counsel of record on this 8th day of October, 2004.

Peter Luria, Esq.
32 East Main St.
P.O. Box 779
Avon, CT 06001
(counsel for plaintiff)

John T. Fussell, Esq.
Robert M. Cheverie & Assoc., P.C.
Commerce Center One
333 E. River Dr.
Ste. 101
East Hartford, CT 06108
(counsel for International Long Shoremen's Union)

James T. Shearin, Esq.
Pullman & Comley
850 Main St., P.O. Box 7006
Bridgeport, CT 06601-7006
(counsel for John Rafal)

William H. Champlin III

LTC09:27151601.wpd